**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDI PENA-BRAVO, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br>*FCI-FORT DIX* <br><br> Respondent. | Civil Action No. 25-6296 (GC) <br><br> **MEMORANDUM & ORDER** |

**CASTNER, District Judge**

Petitioner Edi Pena-Bravo is a federal prisoner currently incarcerated at FCI Fort Dix, Joint Base MDL, New Jersey.  On May 30, 2025, the Clerk of the Court docketed a *pro se* filing received from Petitioner as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") (ECF No. 1 ("Submission")).  However, the Submission actually purports to be a reply to the Respondent's limited and supplemental answers to a prior habeas petition filed by Petitioner under Section 2241.  (*See id.* at 1.)  A CM/ECF search has revealed no other case filed under Petitioner's name in the District of New Jersey.  Petitioner was convicted and sentenced in the District of Puerto Rico (Crim. No. 21-245), but there is no Section 2241 petition on his criminal docket, nor is there any Section 2241 proceeding under Petitioner's name in the District of Puerto Rico.

IT IS, therefore, on this day 4th of June, 2025, **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Submission; Petitioner is informed that administrative termination is not a "dismissal"

for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include the Civil Action Number assigned to his previously filed Section 2241 petition in this District; and it is further

**ORDERED** that upon receipt of the requisite writing from Petitioner within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that, alternatively, if he had filed a Section 2241 petition in another District, Petitioner may submit his Submission in the District in which he filed his petition; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

*Georgette Castner*

_____
GEORGETTE CASTNER
United States District Judge